UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, *et al.* § <br> § <br> Plaintiffs, § <br> § <br> § <br> v. § <br> § <br> JORGE CASTANEDA, § <br> § <br> Defendant. § | Case No. 3:11-CV-299-N-BG |

## REPORT AND RECOMMENDATION

This action is one of many brought by court-appointed Receiver Ralph S. Janvey (Receiver) and the Official Stanford Investors Committee (Committee) (collectively, Plaintiffs) to recover monies allegedly used to further R. Allen Stanford's Ponzi scheme and paid to investors, employees, and representatives of Stanford entities. Plaintiffs allege that Defendant Jorge Castaneda served as a member of the Stanford International Advisory Board and received CD proceeds totaling at least $150,000. Plaintiffs seek disgorgement of the proceeds pursuant to fraudulent transfer law and, in the alternative, the doctrine of unjust enrichment.

Now before the court is Castaneda's motion to dismiss which was referred to the undersigned magistrate judge for findings, conclusions, and recommendations. *See* Orders, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N (N.D. Tex. Dec. 11, 2012, Feb. 13, 2014) (ECF Nos. 34, 50).

### I.    Fraudulent Transfer Claim

Castaneda argues that Plaintiffs' fraudulent transfer claim must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. He specifically claims that the complaint does not state a claim under the Texas Uniform Fraudulent Transfers Act (TUFTA) because Plaintiffs have not alleged facts suggesting that the transfers made to him for his

service on the advisory board were made in furtherance of the Stanford Ponzi scheme. He contends, *inter alia*, that Plaintiffs have not alleged that the advisory board played any role in promoting or soliciting investments or depriving investors of their assets or that board members knew of the scheme and acted or failed to act in a way that could have perpetuated the scheme or prevented or delayed its detection.

Plaintiffs allege that "Castaneda either performed no services for the CD proceeds he received . . . or performed only services that were in furtherance of the Ponzi scheme." Compl. ¶ 5 (ECF No. 1); *see also id*. ¶ 41 ("Castaneda cannot now claim that, in return for furthering the Ponzi scheme and helping it endure, he should be entitled to keep the at least $150,000 in CD proceeds he received from the Stanford Parties."). Plaintiffs have therefore alleged that Castaneda performed services that were in furtherance of the Ponzi scheme.

Contrary to Castaneda's contentions, the Plaintiffs need not allege facts of wrongdoing on the part of Castaneda. As the district court is aware, an allegation of wrongdoing on the part of the transferee is not an element of an actual intent TUFTA claim, although the transferee may avoid liability by establishing an affirmative defense by showing that they "took in good faith and for reasonably equivalent value." TEX. BUS. & COM. CODE § 24.009(a) (West 2014). However, "[the transferee's knowledge is irrelevant to determining whether transfers were made with an intent to defraud." *Janvey v. Alguire*, 846 F. Supp. 2d 662, 672 (N.D. Tex. Sept. 6, 2011) (citation omitted).

The allegations in this case are almost identical to those brought in *Janvey v. Brown*, 3:11-CV-301-N-BG. The Plaintiffs allege in this case, as they alleged of the advisory board member in

*Brown*, that Castaneda was a member of the Stanford International Advisory Board and was therefore an insider with the Stanford entities. *Compare* Compl. ¶ 37 (ECF. No. 1) with Am. Comp. ¶ 37, *Brown*, 3:11-CV-301-N-BG (ECF. No. 7).

In addition, the Plaintiffs allege that R. Allen Stanford operated a Ponzi scheme; CD proceeds from the Ponzi scheme were transferred to Castaneda for the purpose of concealing and perpetuating the scheme and with actual intent to hinder, delay, or defraud creditors; Castaneda did not provide reasonably equivalent value for the transfers of CD proceeds and cannot establish that he is a good-faith transferee; and Plaintiffs are entitled to recover the CD proceeds unless Castaneda can prove both objective good faith and reasonably equivalent value. Compl. ¶¶ 6, 28, 39 (ECF No. 1). In addition, Plaintiffs reference TUFTA. *Id.* ¶ 37. These allegations are sufficient to state a claim under TUFTA and survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Report and Recommendation, *Brown*, 3:11-CV-301-N-BG (ECF. No. 27) (N.D. Tex. Apr. 8, 2014) (adopted ECF. No. 30); *see also* Report and Recommendation, *Janvey v. Stinson*, 3:10-CV-2586-N-BG (ECF. No. 30) (N.D. Tex. Mar. 29, 2013) (adopted ECF. No. 31) (finding that similar allegations stated a TUFTA claim).

Castaneda also argues that Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard to a claim of fraudulent transfer. The district court must reject his argument because, as the court has previously held, Rule 9(b) does not apply to the Plaintiffs' claims. *See*, *e.g.*, Order, *Janvey v. Merge Healthcare, Inc.*, 3:10-CV-1465-N, at 7 (N.D. Tex. Apr. 16, 2014) (ECF. No. 64) ("The Court has repeatedly held that Rule 9(b) does not apply to the Receiver's TUFTA and unjust enrichment claims"). Even if Rule 9(b) applied, the Plaintiffs have pleaded in conformity with the rule.

3

## II. Unjust Enrichment Claim

Castaneda argues that the Plaintiffs' allegations are insufficient to state an unjust enrichment claim under Texas law. Contrary to Castaneda's arguments, Plaintiffs allege the requisite elements of an unjust enrichment claim: they allege that Castaneda received funds that belong to the Receivership Estate, Castaneda was unjustly enriched by the funds, and it would be unconscionable for him to retain the funds. Compl. ¶ 47 (ECF. No. 1). As the court has found in other actions in the Stanford receivership litigation, the Plaintiffs in this case essentially allege that the defendant was paid with stolen money from a Ponzi scheme and equity dictates that he cannot justly retain the money. *See, e.g.,* Order, *Janvey v. University of Miami*, 3:11-CV-041-N, at 10 (N.D. Tex. July 11, 2013) (ECF. No. 44) (finding that the Plaintiffs alleged that the "University obtained a benefit from the Stanford Defendants' scheme that equity dictates they cannot retain justly"). Castaneda's argument that Plaintiffs have failed to allege the requisite elements of a claim of unjust enrichment is without merit.

## III. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the district judge **DENY** Castaneda's motion in its entirety.

## IV. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify

the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    Dated:       September 12, 2014.

                                            NANCY M. KOENIG
                                            United States Magistrate Judge